**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JOHN DEREK NELSON** | § | |
| ***Plaintiff*** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **LOWE'S OF TEXAS, INC.;** | § | |
| **LOWE'S COMPANIES, INC.; AND** | § | |
| **LOWE'S HOME CENTERS, LLC** | § | **CIVIL CAUSE NO. 4:25-CV-436-SDJ** |
| **D/B/A LOWE'S HOME** | § | |
| **IMPROVEMENT STORE AT** | § | |
| **SHERMAN, STORE NO. #0127** | § | |
| | § | |
| ***Defendants*.** | § | |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, JOHN DEREK NELSON ("Plaintiff"), by and through undersigned counsel, and files this Complaint against Defendants LOWE'S OF TEXAS, INC., LOWE'S COMPANIES, INC., and LOWE'S HOME CENTERS, LLC d/b/a LOWE'S HOME IMPROVEMENT STORE AT SHERMAN, STORE NO. #0127 (collectively "Defendants" or "Lowe's"), and respectfully shows the Court as follows:

## PARTIES

1. **Plaintiff.** Plaintiff JOHN DEREK NELSON is an individual and citizen of the State of Texas, residing in Denton County, Texas.

2. **Defendant Lowe's of Texas, Inc.** Defendant LOWE'S OF TEXAS, INC. is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Texas. Upon information and belief, Lowe's of Texas, Inc. may be served pursuant to Federal Rule

of Civil Procedure 4(h) by serving its registered agent: CT Corporation System, 1601 Elm Street, Dallas, TX 75201.

3. **Defendant Lowe's Companies, Inc.** Defendant LOWE'S COMPANIES, INC. is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 1000 Lowe's Blvd, Mooresville, North Carolina 28117. Lowe's Companies, Inc. may be served pursuant to Federal Rule of Civil Procedure 4(h) by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

4. **Defendant Lowe's Home Centers, LLC.** Defendant LOWE'S HOME CENTERS, LLC d/b/a LOWE'S HOME IMPROVEMENT STORE AT SHERMAN, STORE NO. 0127 is a limited liability company organized and existing under the laws of the State of North Carolina, with its principal place of business at 1000 Lowe's Blvd, Mooresville, North Carolina 28117. Lowe's Home Centers, LLC may be served pursuant to Federal Rule of Civil Procedure 4(h) by serving its registered agent: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5. **Alternative Names.** Plaintiff expressly reserves the right to amend this Complaint to substitute the true names of Defendants upon discovery of such information. Any misnaming of parties constitutes a "misnomer" only, and such parties may be "alter-egos" of parties named herein.

## JURISDICTION AND VENUE

6. **Federal Jurisdiction.** This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks monetary relief in excess of $1,000,000, including damages, penalties, costs, expenses, pre- and post-judgment interest, and attorneys' fees.

7. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this judicial district, specifically in Sherman, Texas.

## JURY DEMAND

8. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues triable by jury.

## FACTUAL ALLEGATIONS

9. **Employment Relationship.** At all times relevant hereto, Plaintiff JOHN DEREK NELSON was employed by Defendants and was engaged in accomplishing a task for which he was employed by Defendants as a truck driver at Defendants' Sherman, Texas retail location.

10. **Non-Subscriber Status.** At all times relevant hereto, Defendants were non-subscribers under the Texas Workers' Compensation Act, Tex. Lab. Code Ann. § 406.002, thereby forgoing certain common law defenses including comparative fault.

11. **The Incident.** On or about May 15, 2023, while acting within the course and scope of his employment with Defendants, Plaintiff was required to secure a load of sheetrock that had been placed on a flatbed trailer for transport at Defendants' Sherman, Texas location.

12. **Dangerous Work Conditions.** To accomplish this task, Plaintiff was required to climb on top of the sheetrock stack approximately 12 feet above the concrete surface. Instead of providing proper fall protection equipment, Defendants supplied only a ladder for Plaintiff to reach the top of the stack.

13. **OSHA Violation.** Defendants' failure to provide fall protection violated the Occupational Safety and Health Act, specifically 29 C.F.R. § 1926.501(b)(1), which requires employers to provide fall protection systems when employees are working at heights of six feet or more above a lower level.

14. **The Fall.** While working to secure the load without proper fall protection, Plaintiff slipped and fell backwards, head first, landing on a stone retaining wall, then tumbling between the trailer to the ground, leaving him covered in mud until paramedics arrived.

15. **Injuries and Damages.** As a direct and proximate result of the incident, Plaintiff suffered severe and ongoing injuries that have significantly impacted his ability to live independently, care for himself, find and retain employment, and maintain personal relationships.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE AND NEGLIGENCE PER SE

16. The occurrence made the basis of this lawsuit and the resulting injuries and damages were proximately caused by Defendants' negligent and negligent *per se* acts and/or omissions.

17. **Negligence.** Defendants owed Plaintiff a duty to provide a reasonably safe workplace and to exercise ordinary care in the performance of their duties.

18. Defendants breached their duties through the following acts and/or omissions:

a. Failing to provide a reasonably safe place to work;

b. Failing to provide adequate fall protection equipment;

c. Failing to adequately train Plaintiff in fall protection procedures;

d. Failing to properly assess workplace hazards;

e. Requiring Plaintiff to perform dangerous work without implementing safety measures;

f. Failing to provide adequate work location protocols;

g. Failing to utilize economically feasible and commercially available safety methods;

h. Failing to provide adequate supervision;

i. Failing to provide necessary safety equipment; and

j. Otherwise failing to act as a reasonable employer under similar circumstances.

19. **Negligence *Per Se*.** Defendants violated the Occupational Safety and Health Act, specifically 29 C.F.R. § 1926.501(b)(1), which requires employers to provide fall protection systems when employees are working at heights of six feet or more above a lower level.

20. The regulation set forth in 29 C.F.R. § 1926.501(b)(1) was enacted to protect the safety of workers, including Plaintiff, from the specific hazard of falls from elevation.

21. Defendants' violation of 29 C.F.R. § 1926.501(b)(1) constitutes negligence per se because the regulation was designed to protect the class of persons of which Plaintiff is a member.

22. The harm suffered by Plaintiff is the type of harm that 29 C.F.R. § 1926.501(b)(1) was intended to prevent.

23. Defendants' violation of 29 C.F.R. § 1926.501(b)(1) was a proximate cause of Plaintiff's injuries.

24. By failing to comply with the mandatory federal safety requirement set forth in 29 C.F.R. § 1926.501(b)(1), Defendants breached their duty of care as a matter of law.

25. Defendants' breach of their duty of care directly and proximately caused Plaintiff to suffer severe and permanent injuries when he fell from an unprotected elevation while performing his assigned work duties.

## COUNT II: GROSS NEGLIGENCE

26. When viewed objectively from Defendants' standpoint at the time of occurrence, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of potential harm.

27. Defendants were subjectively aware of the risk involved but proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff, constituting gross negligence.

28. As a result of Defendants' gross negligence, Plaintiff seeks exemplary damages in an amount to be determined by the trier of fact.

## VI. DAMAGES

29. As a direct and proximate result of Defendants' negligence, negligence *per se* and gross negligence, Plaintiff has suffered and continues to suffer the following damages:

a. Physical pain and mental anguish, past and future;

b. Physical impairment, past and future;

c. Mental impairment, past and future;

d. Loss of quality and enjoyment of life, past and future;

e. Medical expenses, past and future;

f. Lost wages and loss of earning capacity, past and future;

g. Disfigurement, past and future; and

h. Other damages as may be proven at trial.

30. Plaintiff seeks fair and reasonable compensation for these damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

31. The damages sought herein exceed the amount in controversy requirement, exclusive of interest and costs, pursuant to 28 U.S.C. 1332(a).

## VII. PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in favor of Plaintiff and against Defendants, jointly and severally;

b. Award actual damages in an amount to be determined by the trier of fact;

c. Award exemplary damages in an amount to be determined by the trier of fact;

d. Award pre- and post-judgment interest as allowed by law;

e. Award costs of court; and

f. Grant such other and further relief, at law or in equity, as this Court deems just and proper.

Respectfully submitted,
SHUSTER LAW, PLLC
118 Lynn Ave, Ste. 204
Lewisville, Texas 75057
Tel: 972.315.6222 Fax: 972.315.6223

By: *_/s/ David Shuster_*________________
David Shuster State Bar No. 24037491
Austin Hartline State Bar No. 24120882
courts@shusterlawfirm.com
Attorneys for **JOHN DEREK NELSON**